```
 1                    UNITED STATES DISTRICT COURT
 2                      DISTRICT OF PUERTO RICO

 3   GONZALO CONTRERAS-CRUZ,
 4
 5        Plaintiff,
                                        Civil No. 04-1565 (JAF)
 6        v.

 7   VICTOR RIVERA-GONZALEZ, in
 8   his personal and official
 9   capacities, et al.,

10        Defendants.
```

11                              **O R D E R**

12          Three police officers were sued and went to a civil trial for
13   violation of civil rights, 42 U.S.C. § 1983.  Plaintiff claimed that
14   the first two physically assaulted him during a police intervention,
15   and the third allegedly failed to intervene and defend while part of
16   the claimed assault was in progress.

17          The jury discharged the two assaulting officers of liability and
18   denied relief to Plaintiff in the excessive use of force and assault
19   charge.  However, the jury decided in favor of the Plaintiff and
20   against the third police officer, assessing damages in the amount of
21   $3,000.

22          In practical terms, the jury found no preponderant evidence
23   establishing the assault.  Unexpectedly, however, they granted $3,000
24   in damages to Plaintiff against the third officer for failing to stop
25   an unproven assault.

Civil No. 04-1565 (JAF)                                                      -2-

The facts against the third officer, seen in the light most favorable to Plaintiff, only prove that while the third officer ate a sandwich or light meal at a large teaching room in a police precinct, the Plaintiff was assaulted at the other end of the "academy" room, and the third officer failed to intervene.

There can be no doubt that an officer may be held liable not only for his personal use of excessive force, but also for his failure to intervene, in appropriate circumstances, to protect an arrestee from the excessive use of force by his fellow officers. Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). However, an underlying aspect of the rule in Wilson is that there was an excessive force by fellow officers. An essential aspect of finding a "failure to intervene" that arises to the level of a violation of civil rights is the requisite that a constitutional violation has been committed. Absent a constitutional violation, there can be no failure to intervene.

Such result can be reached by examining Supreme Court case law involving municipal liability. The Supreme Court has held, in a case involving a municipality, that there is no authority for "the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm." City of Los Angeles v. Heller, 475 U.S. 796, 800 (1986). If a municipal corporation cannot be held liable absent a constitutional violation by its officers, it

Civil No. 04-1565 (JAF)                                                    -3-

is elementary that the same logic would extend to a police officer who is charged with failure to intervene when there was no constitutional harm committed by the fellow officers.  Simply, there cannot be an actionable "failure to intervene" that rises to the level of a constitutional harm if the jury failed to find that the assault by fellow officers indeed occurred.

The motion for judgment as a matter of law, *no obstante veredicto*, Fed. R. Civ. P. 50, is **GRANTED**.  The verdict against police officer Alex D. Cuevas-Quiles is set aside.  Judgment shall be entered dismissing the complaint in conformity with the jury verdict and this Order.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 7th day of September, 2005.

                                S/José Antonio Fusté
                                JOSE ANTONIO FUSTE
                                Chief U. S. District Judge